UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LIANE CARLSON, an individual,<br><br>                    Plaintiff,<br><br>     v.<br><br>CITY OF SPOKANE,  municipal corporation in and for the State of Washington; and HEATHER LOWE, an individual,<br><br>                    Defendants. | NO:  13-CV-0320-TOR<br><br>PROTECTIVE ORDER |

BEFORE THE COURT is the parties' Agreed Motion for Entry of Stipulated Protective Order (ECF No. 13).  Pursuant to the parties' stipulation, the motion is **GRANTED**.

Accordingly, **IT IS HEREBY ORDERED:**

1. This Protective Order governs the handling of documents (as defined in Rule 34 of the Federal Rules of Civil Procedure), tangible things, depositions and deposition exhibits, interrogatory answers, responses to

PROTECTIVE ORDER ~ 1

requests for admission, and other written, recorded, video recorded, electronic or graphic matter ("discovery material") produced by any party or nonparty during the proceedings in this action, which contain "Protected Information" as hereinafter defined.  All such discovery material disclosed during the course of this litigation that contain Protected Information, as defined below, are hereby subject to the following terms and conditions, and shall be disclosed only as provided by this Stipulated Protective Order:

2. "Protected Information" means discovery material that contains sensitive information, including, but not limited to, medical, psychiatric or other therapeutic records, confidential investigations, internal employee investigations, citizen complaints and disciplinary actions, the disclosure of which without restriction could cause harm to the disclosing party.

3. Protected Information disclosed in this action shall be used by the parties solely for the purposes of this Litigation, and shall not be given, shown, made available, discussed or otherwise communicated in any form, except as provided herein, other than with the express written consent of the producing party or pursuant to Court Order.

4. Designation of portions, or the entirety, of deposition transcripts (including exhibits) as "Confidential" and/or "Attorneys' Eyes Only" as the case may be shall be made by a statement to such effect on the record in the course of the deposition. As to all discovery material provided, under no circumstances, other than those specifically provided for in this or subsequent court orders, shall Protected Information be disclosed to persons other than the following:

    a. Counsel for any party, and paralegal, clerical and secretarial employees of counsel of record, who are working directly on the Litigation.

    b. Persons retained by any party as independent consultants or independent potential expert witnesses.

    c. Any person who is an author, addressee, or recipient of, or who previously had access to, the Confidential Discovery Material.

    d. The Court and its personnel.

    e. Other persons only upon order of the Court, or upon stipulation of the parties.

    f. Plaintiff.

    g. The individual Defendant.

PROTECTIVE ORDER ~ 3

      h.    Representatives of the Municipal Defendant and employees of the Municipal Defendant who have need for access to such Protected Information in order to assist with the Litigation. Prior to providing Protected Information to such representatives or employees, Defendants' counsel shall alert Plaintiff's counsel as to the disclosure.

5. Notwithstanding paragraph 4, any documents designated as "Attorney's Eyes Only" may be disclosed only to counsel and to the Court and its personnel. Further, certain personal information such as social security numbers, bank account numbers, and other personal identifying information, will be redacted from the records prior to production.

6. Any person receiving Protected Information under the terms of this Order shall be subject to the jurisdiction of this Court for purposes of any proceedings relating to compliance with or violations of this Order.

7. Further, those persons given access to Protected Information must first be informed by counsel of the obligations imposed by this Order, must read the Order, and must agree to abide by its terms.

8. Protected Information should be marked "Confidential" or "Attorney's Eyes Only" at the time of its production.

PROTECTIVE ORDER ~ 4

9. Except as otherwise provided for in this Order, all "Protected Information" shall remain in possession of counsel for the respective parties or the parties themselves, and be stored in a secure place.

10. Each person covered by this Order shall take all necessary precautions to prevent disclosure of Protected Information. The obligations imposed by this Order shall survive the entry of final judgment in this matter.

11. Should the parties wish to use any document marked "Confidential" or "Attorney's Eyes Only" in support of a brief filed with the Court, that party shall take all reasonable steps to file such document in redacted form if possible, or under seal, by following the procedures as set forth by the Local Rules of that Court.

12. Should the parties wish to use any document marked "Confidential" or "Attorney's Eyes Only" in the course of taking depositions, that party shall designate the document as confidential on the record, or as soon as is practicable after preparation and receipt of a transcript of the deposition.

13. Should a party object to the designation of a certain document as "Confidential" or "Attorney's Eyes Only," the parties shall first attempt

PROTECTIVE ORDER ~ 5

to resolve the objection without intervention by the Court. Should the parties fail to resolve the matter by agreement, nothing in this Order prevents the parties from submitting the matter to the Court for resolution. Until the Court resolves the matter, the disputed information shall be treated as Protected Information.

14. Within 30 days after the conclusion of this action, including any appeal or remand, counsel shall: (i) destroy all Protected Information and certify in writing that such destruction has occurred; and/or (ii) return the Protected Information to the parties from which the information was received.

15. Nothing contained in this Order precludes a party from seeking relief from this Order, or from seeking greater protection for specified information, through the filing of an appropriate motion with the Court.

16. If a producing party determines that a previously-produced document inadvertently was not identified as containing Protected Information, the producing party shall give notice in writing that the information is to be treated as Protected Information. After the receipt of such notice by opposing counsel, the designated document shall be treated as Protected Information in accordance with this Order.

PROTECTIVE ORDER ~ 6

Counsel shall promptly report any breach of the provisions of this Order to opposing counsel.  Upon discovery of any breach, counsel shall immediately take appropriate action to cure the violation and retrieve any Protected Information that may have been disclosed to a person not covered by this Order.

**IT IS SO ORDERED.**

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** March 4, 2014.



THOMAS O. RICE
United States District Judge

PROTECTIVE ORDER ~ 7